IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LITTLESTONE, LC., *et al.*,

    Plaintiffs,

v.                                                                   Civil Action No. 3:19cv514

ROBERT J. CHAUVIN, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs Littlestone LC ("Littlestone") and Chadwick Development LLC's ("Chadwick," and collectively with Littlestone, "Plaintiffs") Motion to Remand. (ECF No. 7.) Defendants Robert J. Chauvin and Chauvin LLC[1] (collectively with Chauvin, "Defendants") responded, and Plaintiffs replied. (ECF Nos. 14, 15.) The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will grant Plaintiffs' Motion to Remand.

### I. Factual and Procedural Background

#### A.    Summary of Allegations in the Complaint

This two-count Complaint arises from events resulting in two failed real estate developments. Count I sets forth a breach of contract claim in which Littlestone alleges that it formed Amelia Wayside, LLC ("Amelia Wayside") with Chauvin LLC "to acquire three parcels of land in Amelia County, Virginia for mixed use development." (Not. Removal Ex. A

---

[1] Plaintiffs explain in their Memorandum in Support of the Motion to Remand that Chauvin LLC "is Robert J. Chauvin's wholly owned limited liability company." (Mem. Supp. Mot. Remand 1, ECF No. 8.) Defendants do not contest this assertion.

"Complaint" ¶¶ 6–7, ECF No. 1-1.) Plaintiffs allege that Chauvin LLC's actions caused the development project to fail. Plaintiffs seek $7,500,000.00 in damages for Count I. Count II sets forth a breach of fiduciary duty and duty of loyalty claim in which Chadwick alleges that it formed Amelia Village, LLC ("Amelia Village") with Chauvin LLC "to acquire land in Amelia County, Virginia for mixed use development." (*Id.* ¶ 15.) Plaintiffs allege that Chauvin LLC and Chauvin's actions also caused this project to fail. Plaintiffs seek $12,500,000.00 in damages for Count II. Chadwick, a member of Amelia Village, brings Count II derivatively on behalf of Amelia Village. The outcome of the instant Motion to Remand depends solely on Count II, the derivative claim.

In discussing Amelia Village, Plaintiffs explain that "[p]er the Operating Agreement, Robert J. Chauvin was the sole manager of Amelia Village, with exclusive authority to sell property, refinance loans, approve land development plans, secure permits for development and building and all other actions necessary to achieve the purposes of Amelia Village." (*Id.* ¶ 18.) Plaintiffs allege that "[i]n his capacity as Manger, Mr. Chauvin negligently engaged in the same behavior set out in Paragraph 11[2] hereinabove, and Chauvin [LLC] did not loan sufficient funds to Amelia Village to carry the mortgage obligation nor to acquire the property." (*Id.* ¶ 19.) "As a result of the delays, the failure/refusal to make sufficient loans to Amelia Village, and the failure/refusal to acquire the property, the project failed." (*Id.* ¶ 20.)

---

[2] In Paragraph 11 of the Complaint, which describes Chauvin LLC's actions as to Amelia Wayside, Plaintiffs allege that "Chauvin [LLC] failed and/or refused to take steps necessary to acquire, hold, master plan, rezone, market or sell the properties, and in fact took steps which actively delayed such processes, including but not limited to firing the engineering firm who had been working with Littlestone to lay out the Plan of Development [for Amelia Wayside, LLC] in favor of an engineering firm with little knowledge of the project." (Compl. ¶ 11.)

Plaintiffs aver that "[t]hroughout this time, and with knowledge that [Chadwick][3] would eventually be unable to continue with the debt service on the property . . . Mr. Chauvin (unbeknownst to Mr. Soden) was engaged in discussions . . . to purchase the property for himself or for his entity at a foreclosure auction." (*Id.* ¶ 21.) Plaintiffs maintain that "[i]t became Mr. Chauvin's intention that [Chadwick] default under [the] Deed of Trust Note, to allow Mr. Chauvin or his entity to purchase the property at a discounted price upon foreclosure." (*Id.* ¶ 22.) Plaintiffs assert that "Mr. Chauvin's actions and omissions as Manager of Amelia Village were committed fraudulently, in bad faith, and/or constituted gross negligence." (*Id.* ¶ 30.)

B. **Procedural History**

Plaintiffs originally filed their Complaint in the Circuit Court for the County of Amelia (the "Amelia Circuit Court"). Defendants removed the action to this Court citing, in relevant part, 28 U.S.C. § 1441,[4] and relying on the Court's exercise of diversity jurisdiction.[5] Four days

---

[3] Jeff W. Soden and Debra Crouch are the only two members of Chadwick.

[4] Section 1441 provides, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

[5] Although Defendants also cite 28 U.S.C. § 1331, which allows the Court to exercise jurisdiction over actions raising federal questions, Defendants have not identified any aspect of this litigation that raises a federal question and the Court sees none. Plaintiffs' breach of contract as well as their breach of fiduciary duty and duty of loyalty causes of action are state law causes of action. In their Notice of Removal, Defendants also discuss only the Court's diversity jurisdiction. For this reason, the Court will only analyze its exercise of diversity jurisdiction.

Defendants also cite 28 U.S.C. § 1446 in the Notice of Removal. Section 1446 sets forth the process by which a defendant may remove a case to federal court.

3

after it removed the action to this Court, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6).[6] (ECF No. 5.)

Plaintiffs filed the Motion to Remand and a motion to dismiss pursuant to Rule 12(b)(1),[7] (ECF No. 9).[8] In the Motion to Remand, Plaintiffs argue that complete diversity does not exist in this case because Amelia Village, on whose behalf Chadwick brings Count II, constitutes a citizen of both New York and Virginia, which destroys diversity. Defendants responded in opposition and Plaintiffs replied.

## II. Applicable Legal Standard: Removal and Remand

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). Courts must construe removal jurisdiction strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151). "'If federal jurisdiction is doubtful, a remand is necessary.'" *Id.* (quoting *Mulcahey*, 29 F.3d at 151). "[T]he parties' characterization of themselves or their claims is not determinative for federal jurisdiction purposes." *Gen. Tech.*

---

[6] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

[7] "[A] party may assert the following defense[ ] by motion: (1) lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

[8] Plaintiffs filed the same document for the Motion to Remand and the Plaintiffs' motion to dismiss.

4

*Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004) (quoting *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 615–16 (4th Cir. 2004)).

A defendant may remove a civil action initially filed in state court if the plaintiff could have originally brought the action in federal court. *Abraham*, 2011 WL 1790168, at *2 (citing *Yarnevic v. Brink's Inc.*, 102 F.3d 753, 754 (4th Cir. 1996)); *see* 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . [c]itizens of different states." 28 U.S.C. § 1332(a)(1). Federal diversity jurisdiction requires complete diversity of citizenship. *Abraham*, 2011 WL 1790168 at *2 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)); *see also* 28 U.S.C. § 1332(a)(1). "[T]he 'citizenship of each plaintiff [must be] diverse from the citizenship of each defendant.'" *Abraham*, 2011 WL 1790168, at *2 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (second alteration in original)).

When analyzing whether complete diversity exists in a case in which a party asserts a derivative claim, the Court must consider the citizenship of the entity on whose behalf the party asserts the derivative claim. *See Gen. Tech. Applications, Inc.*, 388 F.3d at 121 n.3 (noting that "[d]iversity jurisdiction is also judged by the real parties in interest" and that "the legal rights asserted here belong to" the entity on whose behalf the party asserted a derivative claim (citations omitted)); *Racetime Invs., LLC v. Moser*, No. 3:12cv860, 2013 WL 987834, at *2–*3 (E.D. Va. Mar. 8, 2013) (remanding the case to state court because "[i]n a derivative suit, 'the claim pressed by the stockholder against directors or third parties is not his own but the corporation's.'" (citations omitted)).

5

# III.
## The Court Will Remand the Action Because the
## Citizenship of Amelia Village Destroys Diversity Jurisdiction

An entity on whose behalf a party asserts a derivative claim, constitutes the "real part[y] in interest" and its citizenship must be considered when determining whether complete diversity exists. *See Gen. Tech. Applications, Inc.*, 388 F.3d at 121 n. 3 (citing *Ross v. Bernhard*, 396 U.S. 531, 538 (1970)). Because Chadwick brings Count II of the Complaint—a claim for breach of fiduciary duty and duty of loyalty—derivatively on behalf of Amelia Village, the Court must consider the citizenship of Amelia Village when analyzing diversity of citizenship.[9] Because Amelia Village is both a citizen of New York and Virginia, complete diversity does not exist and the Court lacks subject matter jurisdiction over this action.

### A.     The Court Must Consider Amelia Village's Citizenship

Because Chadwick brings Count II derivatively on behalf of Amelia Village, the Court must consider Amelia Village's citizenship in deciding whether subject matter jurisdiction exists.

Under Virginia law, "[l]ike a corporation, a limited liability company is a legal entity entirely separate and distinct from the shareholders or members who compose it." *Mission Residential, LLC v. Triple Net Props., LLC*, 654 S.E.2d 888, 891 (Va. 2008) (citing Va. Code §§ 13.1-1009, -1019; *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 580 S.E.2d 806, 809 (Va. 2003)). "A derivative action is an equitable proceeding in which a member asserts, on behalf of the limited liability company, a claim that belongs to that entity rather than the member." *Id.*

---

[9] In their response to the Motion to Remand, Defendants argue that the Court "should sever the two counts and retain Count I insofar as there is no argument advanced with respect to diversity under Count I." (Resp. Mot. Remand 2, ECF No. 14.) Defendants cite no authority in support of this request. They also do not present this request to sever as a separate motion "accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies," as required by Local Rule 7(F)(1) for the United States District Court for the Eastern District of Virginia. E.D. Va. Loc. Civ. R. 7(F)(1). Because Defendants have failed to properly support and present this argument, the Court declines to consider it.

(citing Va. Code. § 13.1-1042). "A party asserting a derivative claim is not the real party in interest, but is 'at best the nominal plaintiff.'" *Id.* (citing *Ross*, 396 U.S. at 538; *Little v. Cooke*, 652 S.E.2d 129, 136 (Va. 2007)). Virginia law requires that "[i]n a derivative action, the plaintiff shall be a member at the time of bringing the action and . . . shall have been a member at the time of the transaction of which he or it complains." Va. Code. § 13.1-1043.

Here, Chadwick, who "[a]t all times . . . was a member of Amelia Village," brings a derivative claim on behalf of Amelia Village for breach of fiduciary duty and duty of loyalty against Chauvin for Chauvin's alleged actions taken as the manager of Amelia Village. (Compl. ¶¶ 28–31.) Chadwick asserts that "[a]s a direct and proximate result of Mr. Chauvin's breaches of his fiduciary duty and duty of loyalty, Amelia Village has been damaged in the amount of $12,500,000.00." (*Id.* ¶ 32.) Because Chadwick brings this claim derivatively on behalf of Amelia Village, Amelia Village, not Chadwick, constitutes the "real party in interest" and Chadwick "is 'at best a nominal plaintiff.'" *See Mission Residential, LLC*, 654 S.E.2d at 891 (citing *Ross*, 396 U.S. at 538; *Little*, 652 S.E.2d at 136). For this reason, although Plaintiffs did not name Amelia Village as a party, the Court must consider Amelia Village's citizenship when assessing subject matter jurisdiction.

### B. Amelia Village is a Citizen of New York and Virginia

Amelia Village, a limited liability company, is a citizen of New York and Virginia. Well-settled principles of law state that "an LLC's citizenship, for the purpose of diversity jurisdiction, consists of the citizenship of all of its members. Where an LLC's members consist of other LLC's or other types of hybrid entities, the parent-LLC's citizenship consists of all of the members of its child-hybrids." *Smiley v. Forcepoint Fed.*, No. 3:18cv60, 2018 WL 3631885, at *1 (E.D.Va. July 31, 2018); *Gen. Tech. Applications, Inc.*, 388 F.3d at 121 (stating that a

limited liability corporation "is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members").

In support of their Motion to Remand, Plaintiffs attach Amelia Village's Second Amended Operating Agreement, which shows that Chauvin LLC and Chadwick comprise its only two members. (Mem. Supp. Mot. Remand Ex. A "Amelia Village Second Am. Operating Agreement" 1, ECF No. 8-1.) Because both Chauvin LLC and Chadwick are limited liability companies, the Court must examine the citizenship of their members to determine Amelia Village's citizenship. *Smiley*, 2018 WL 3631885, at *1.

As shown in Chadwick's Operating Agreement, Jeff Soden and Debra Crouch, both Virginia residents, are the only two members of Chadwick. (Mem. Supp. Mot. Remand Ex. A "Chadwick Operating Agreement" 2, ECF No. 8-1.) For this reason, Chadwick is a Virginia citizen. *See Smiley*, 2018 WL 3631885, at *1.

Plaintiffs aver that Chauvin LLC "is Robert J. Chauvin's wholly owned limited liability company" and that Chauvin is New York resident. (Mem. Supp. Mot. Remand 1, 4.) For this reason, Chauvin LLC is a New York citizen. *See Smiley*, 2018 WL 3631885, at *1.

Because Chadwick and Chauvin LLC constitute the only two members of Amelia Village, Amelia Village is a citizen of both New York and Virginia.[10] *Id.*

### C. Because Complete Diversity Does Not Exist, the Court Lacks Subject Matter Jurisdiction Over This Matter

To bring and sustain an action in federal court, the Court must have subject matter jurisdiction. Defendants, as the removing party "bear[] the initial burden of establishing federal jurisdiction." *Abraham*, 2011 WL 1790168, at *1. Here, Defendants rely on diversity jurisdiction to remove the case to federal court, which requires complete diversity of

---

[10] Defendants do not contest the citizenship of any of these entities.

citizenship.[11] 28 U.S.C. § 1332(a)(1); *Abraham*, 2011 WL 1790168, at *2 (citing *Carden*, 494 U.S. at 187). Because complete diversity does not exist in this matter, the Court lacks subject matter jurisdiction and must remand this action to the Amelia Circuit Court.

Because Chadwick brings Count II derivatively on behalf of Amelia Village, the Court must consider Amelia Village's citizenship for the purpose of determining whether the Court may exercise diversity jurisdiction. *See Gen. Tech. Applications, Inc.*, 388 F.3d at 121 n. 3 (citations omitted); *see also Mission Residential, LLC*, 658 S.E.2d at 891. Amelia Village holds citizenship in both New York and Virginia. Defendants are citizens of New York. Plaintiffs are citizens of Virginia. For this reason, regardless of whether the Court considers Amelia Village as a plaintiff or a defendant, complete diversity does not exist.[12] Because Defendants cannot establish this Court's federal subject matter jurisdiction, the Court must remand the action to the Amelia Circuit Court.[13]

---

[11] Neither party contests that the amount in controversy exceeds $75,000, the second necessary requirement of diversity jurisdiction. 28 U.S.C. § 1332(a)(1); *Abraham*, 2011 WL 1790168, at *1. Here, Plaintiffs seek $7,500,000 in Count I and $12,500,000 in Count II.

[12] The *Racetime* court recognized that prior Supreme Court of the United States precedent "introduced the doctrine of antagonism as grounds for realignment of the parties in shareholder derivative suits." *Racetime Invs., LLC*, 2013 WL 987834, at *2 (citing *Ross*, 396 U.S. at 538). It explained that under different Supreme Court precedent "district courts may realign the parties according to their real interests for jurisdictional purposes where a nominal corporate party's citizenship would otherwise destroy diversity jurisdiction." *Id.* (citing *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 522–23 (1947); *Smith v. Sperling*, 354 U.S. 91, 95–98 (1957)). Similar to the situation in *Racetime*, complete diversity does not exist regardless of whether the Court deems Amelia Village a plaintiff or a defendant. *See Racetime*, 2013 WL 987834, at *3.

[13] Defendants previously filed a motion to dismiss pursuant to Rule 12(b)(6) asking the Court to dismiss the Complaint. In response to the Motion to Remand, Defendants again assert that Plaintiffs' derivative claim "is . . . defective on its face, thereby rendering it ineffective to defeat diversity." (Resp. Mot. Remand 3.) Defendants' make several arguments explaining why Plaintiffs' cannot maintain the derivative claim in Count II based on the current Complaint.

The Court must construe its removal jurisdiction narrowly and no presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited jurisdiction. *Abraham*, 2011 WL 1790168, at *1. Because the Court lacks subject matter

## IV. The Court Declines to Award Attorneys' Fees

In addition to remanding this case to the Amelia Circuit Court, Plaintiffs request that the Court award attorneys' fees under 28 U.S.C. § 1447. Although the Court will remand this matter to the Amelia Circuit Court, the Court declines to award fees.

Section 1447 provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (emphasis added). To award attorneys' fees, the Court must find that the Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).[14]

Here, Plaintiffs argue that the Court should award attorneys' fees for two reasons: (1) because Defendants "failed to disclose the citizenship of all of the members of all of the LLCs involved in this litigation;" and, (2) Defendants "cite[d] the *Hoschar* [*v. Appalachian Power Co*, 739 F.3d 163 (4th Cir. 2014)] case for a proposition for which it does not stand." (Mem. Supp. Mot. Remand 8.)

As to the first ground, Defendants explained that "[a]t the time of the Removal, all of the individual members of Chadwick and Littlestone were unknown. It was thought that Soden was the sole member of each." (Resp. Mot. Remand 1 n.1.) They "accept the names and citizenship status" of the entities involved in this litigation, as specified by Plaintiffs. (*Id.*)

As to the second ground, Defendants did incorrectly cited *Hoschar* for the proposition that a limited liability company takes its citizenship from its company headquarters. The United

---

jurisdiction over this matter, the Court cannot reach Defendants' dismissal arguments, which may require the Court to reach the merits of this litigation. *See id.*

[14] In *Martin*, the Supreme Court observed that improper removals "delay[] resolution of the case, impose[] additional costs on both parties, and waste[] judicial resources" and noted that "[a]ssessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin*, 546 U.S. at 140.

10

States Court of Appeals for the Fourth Circuit in *Hoschar* did not discuss the citizenship of limited liability companies, focusing instead on the citizenship of a corporation. *See generally Hoschar*, 739 F.3d 163. Because the test for determining the citizenship of a limited liability company differs from that of assessing the citizenship of a corporation, *Hoschar* is inapposite. *Compare id.* at 170 (discussing the test by which a court may consider the citizenship of a corporation and stating that the court must use the "nerve center" test for finding the corporation's headquarters), *with Smiley*, 2018 WL 3631885, at *1 (discussing the test by which a court may consider the citizenship of a limited liability company).

Despite this, Defendants provide a sufficient explanation for their failure to identify in the Notice of Removal the citizenship of each member of the limited liability companies at issue. Also, although the Court must consider Amelia Village's citizenship for the purpose of deciding the Motion to Remand, Plaintiffs did not name Amelia Village as a party to this action. Based on these facts, the Court cannot find that Defendants "lacked an objectively reasonable basis for seeking removal." *See Martin*, 546 U.S. at 141. The Court, in its discretion, will remand this matter to the Amelia Circuit Court, but will not award attorneys' fees.

## V. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part the Motion to Remand. Specifically, the Court will remand this action to the Amelia Circuit Court, but will deny Plaintiffs' request for attorneys' fees. Because the Court lacks subject matter jurisdiction, the Court does not decide either the Defendants or the Plaintiffs Motion to Dismiss. (ECF Nos. 5, 9.) The Amelia Circuit Court will properly consider these arguments on remand.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 9/26/2019
Richmond, Virginia